# EXHIBIT A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Colorado

| | |
|---|---|
| Daniel Snyder | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. |
| Peter Schaffer | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          Mr. Peter Schaffer

_____
_(Name of person to whom this subpoena is directed)_

✔ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: Foley & Lardner LLP c/o Coleman T. Lechner | Date and Time: |
|---|---|
| 600 17th St., Suite 2020S, Denver, CO 80202 clechner@foley.com | |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/09/2020

_CLERK OF COURT_

OR

_____          /s/ Coleman T. Lechner
_Signature of Clerk or Deputy Clerk_            _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Daniel Snyder
_____ , who issues or requests this subpoena, are:

Coleman T. Lechner, Foley & Lardner LLP, 600 17th St., Suite 2020S, Denver, CO 80202; tel. 720-437-2000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____   on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Misc. Action No.

In re Application of Daniel Snyder
for an Order Directing Discovery from
Peter Schaffer Pursuant to
28 U.S.C. § 1782

---

## DOCUMENT SUBPOENA SCHEDULE A

---

### DEFINITIONS

1.      "Petitioner" or "Mr. Snyder" means petitioner Daniel Snyder, and all of his agents, successors, assigns, attorneys and representatives.

2.      "Respondent" or "You" means Peter Schaffer, and all of his agents, successors, assigns, attorneys and representatives, and any and all persons or entities acting or purporting to act for or on its behalf or under his control.

3.      "Eleven" means Eleven Internet Services LLP and all of its officers, directors, representatives and employees, and shall include all of Eleven's past or present parents, subsidiaries, divisions, affiliates, assignors, assignees, officers, directors, employees, agents, advisors, executives, attorneys, accountants, consultants, or representatives, and any and all persons or entities acting or purporting to act for or on its behalf or under its control.

4.      "MEAWW" means the website titled Media, Entertainment, Arts, WorldWide, accessible at http://www.meaww.com.

5.      The "First Defamatory Article" refers to the article posted on or around July 16, 2020 at the URL https://meaww.com/washington-redskins-owner-dan-snyder-to-step-down-owing-to-sex-trafficking-allegations-fan-reactions, bearing the headline "Washington Redskins owner Dan Snyder faces sex trafficking allegations; Internet says, 'He was on Epstein's list[.]'"

6.      The "Second Defamatory Article" refers to the article posted on or around July 16, 2020 at the URL https://meaww.com/washington-redskins-dan-snyder-jeffrey-epstein-sexual-harrasment-sex-trafficking-scandal-name-change, bearing the headline "#RedskinsScandal: Will Dan Snyder rename Washington Redskins the 'Epsteins'? Angry Internet screams 'throw him out[.]'"

7.      The "Defamatory Articles" refers collectively to the articles posted on MEAWW on or around July 16, 2020 concerning Petitioner, including the First Defamatory Article and the Second Defamatory Article.

8.      "The Washington Football Team" refers to the professional football team franchise in the National Football League previously known as the "Washington Redskins."

9.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), whether orally or in writing, or by any other means or medium.

10.      "Concerning" shall be interpreted in the broadest sense and shall mean and include, without limitation, the words pertaining to, referring to, relating to, regarding, describing, supporting, opposing, disapproving, constituting, embodying, discussing, involving, memorializing, and dealing with, whether directly or indirectly.

11.      "Document" is used in the broadest sense permissible under Rule 34 of the Federal Rules of Civil Procedure and means each and every written, recorded, or graphic matter or material of any kind, type, nature, or description (whether in tangible, hard copy, printed, or electronic form), in whatever form, that is or has been in your possession, custody, or control, including, but not limited to, all hard copy documents, correspondence, memoranda, tapes, stenographic or handwritten notes, forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, electronic

mail, Bloomberg messages, instant messages, text messages, calendars, appointment books, computer files, computer printouts, data compilations or any kind, teletypes, teletexes, facsimiles, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, surveys, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video recordings, audio recordings, CDs, DVDs, computer disks or diskettes, removable media, brochures, pamphlets, or any written or recorded materials of any kind, however stored, recorded, produced, or reproduced, and also including drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

12.     "Include" or "Including" shall each be interpreted in every instance as being illustrative of the information requested, shall be read as "including, without limitation," and shall not be interpreted to exclude any information otherwise within the scope of these requests.

13.     "Person" or "Persons" means natural persons, proprietorships, corporations, partnerships, joint trusts, joint ventures, groups, associations, organizations, and all other entities.

14.     "Requests" means the enumerated requests set forth in the section of this Schedule A titled "Documents Requested."

## **INSTRUCTIONS**

1.     Unless a particular request states otherwise, the relevant time period to which each request refers is January 1, 2020 to present.

2.     The past tense form shall be construed to include the present tense, and vice versa, whenever such a dual construction will serve to bring within the scope of a request any response that would otherwise not be within its scope.

- 3 -

3.      The singular form of a noun or pronoun shall include the plural of the noun or pronoun, and vice versa.

4.      Each category of documents in these requests extends to any and all documents in your possession, custody, or control, including all drafts and non-identical copies. A document shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document in whole or in part; or (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document; or (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document.  Such documents shall include, but are not limited to, documents that are in the custody of any of your attorneys, representatives, or other agents.

5.      All requests for the production of documents shall be construed to include any additional documents responsive to these requests that are discovered or that come into your possession after the date of production.

6.      All documents should be produced either in the order and format in which they were maintained in the normal course of business or in another format to be mutually agreed upon by the parties. Documents should contain a clear indication of where each document ends and the next begins. Documents maintained in a file folder or binder should be preceded by the file folder or binder label, if one exists. All attachments to a document should be produced with the document. All documents should be marked with a bates-stamp or similar serial document identifying system.

7.      With respect to electronically stored information ("ESI"):

      a.      All electronic mail, HTML and dynamic files (including but not limited to spreadsheets and databases) responsive to these requests that are maintained

- 4 -

in the usual course of business in electronic format shall be produced in their native format along with the software necessary to interpret such files if such software is not readily available.

b.    All other documents responsive to these requests that are maintained in the usual course of business in electronic format shall be produced in properly unitized, single-page TIFF Group IV format complete with full text extracts and all associated metadata.

c.    All documents responsive to these requests shall be produced with the metadata normally contained within such documents. If such metadata is not available, each document shall be accompanied by a listing of all file properties concerning such document, including, but not limited to, all information concerning the date(s) the document was last accessed, created, modified or distributed, and the author(s) and recipient(s) of the document.

d.    Under no circumstances should ESI be converted from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome to use the ESI. ESI should not be produced in a form that removes or significantly degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means. Databases or underlying data should be produced subject to discussions of production format issues with Petitioner's counsel. If you decline to search or produce ESI on the ground that such ESI is not reasonably accessible because of undue burden or cost, identify such information by category or source and provide detailed

information regarding the burden or cost you claim is associated with the search or production of such ESI.

8.      If any document or data, including ESI, that you are requested to produce or identify herein was at one time in existence, but has been lost, discarded, or destroyed, identify in writing each document and provide the following information: (a) the date or approximate date it was lost, discarded, or destroyed; (b) the circumstances and manner in which it was lost, discarded, or destroyed; (c) the reason or reasons for disposing of the document (if discarded or destroyed), including whether such destruction, etc., was pursuant to a written records retention or destruction policy; (d) the identity of all persons authorizing the document and/or having knowledge of the document; (e) the identity of the persons who lost, discarded, or destroyed the document; (f) the identity of any persons having knowledge of the contents thereof; and (g) a detailed summary of the nature and contents of the document, including the author(s) of the document(s), the name of the person(s) to whom the document(s) was/were delivered or addressed, including indicated or blind copy recipients, the date of the document(s), and a description of the subject matter thereof, including any attachment or appendices, and the number of pages.

9.      If you object in whole or in part to the production of any document or tangible thing based on a claim of privilege or work product, or for any other reason, provide a list of the documents being withheld and for each such document: (a) state and, if the privilege is governed by state law, which state's privilege rule is being invoked and (b) provide a description of the document, including (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the location and custodian of the document; (v) the author of the document, the addressee of the document, any other recipients shown in the document, and, where

4815-9126-9841.1

not apparent, the relationship of the author, addressees, and recipients to each other; and (vi) the basis for your objection, including the nature of the privilege which is being claimed.

10.     If any of these documents cannot be produced in full, or if you object to producing any document in full, you are to produce them to the fullest extent possible, specifying clearly the reasons for your inability to produce the remainder and stating any information, knowledge, or belief you have concerning the unproduced portion.

11.     The specificity of any request herein shall not be construed to limit the generality or reach of any other request herein.

## DOCUMENTS REQUESTED

1.     All Documents and Communications concerning Mr. Snyder.

2.     All Documents and Communications concerning the Team.

3.     All Documents and Communications concerning MEAWW, Eleven and/or any affiliates, agents or employees thereof.

4.     All Documents and Communications concerning the Defamatory Articles and/or any actual or anticipated negative publicity concerning Mr. Snyder.

5.     All Documents and Communications between You and any third party concerning Mr. Snyder, the Defamatory Articles and/or any actual or anticipated negative publicity concerning Mr. Snyder.

6.     All Documents and Communications between You and Ms. Mary Ellen Blair.

7.     All Documents and Communications between You and any employees, officers, directors, and/or executives of Moag & Co., Inc.

- 7 -

Dated: November 9, 2020
      Denver, CO

                            By: <u>s/ Coleman T. Lechner</u>
                            Coleman T. Lechner
                            FOLEY & LARDNER LLP
                            600 17th St., Suite 2020S
                            Denver, CO 80202
                            Tel. 720-437-2000
                            clechner@foley.com

                            Rizwan A. Qureshi *(Admission Pro Hac Vice Pending)*
                            REED SMITH LLP
                            1301 K Street NW
                            Suite 1000, East Tower
                            Washington, DC 20005
                            Tel: (202) 414-9200
                            rqureshi@reedsmith.com

                            Jordan W. Siev *(Admission Pro Hac Vice Pending)*
                            599 Lexington Avenue, 22nd Floor
                            New York, NY 10022
                            Tel: (212) 521-5400
                            jsiev@reedsmith.com

                            TACOPINA, SEIGEL & DEOREO, P.C.
                            Joseph Tacopina
                            Chad D. Seigel
                            275 Madison Avenue, 35th Floor
                            New York, NY 10016
                            jtacopina@tacopinalaw.com
                            cseigel@tacopinalaw.com
                            (*Admission Pro Hac Vice Forthcoming*)

                            *Attorneys for Petitioner*
                              *Daniel Snyder*