IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-mc-00191-WJM-KLM

IN RE APPLICATION OF DANIEL SNYDER FOR AN ORDER
DIRECTING DISCOVERY FROM PETE SCHAFFER PURSUANT
TO 28 U.S.C. § 1782

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Petitioner Daniel Snyder's** *Ex Parte* **Application for Assistance in Aid of Foreign Proceeding Pursuant to 28 U.S.C. § 1782** [#1][1] (the "Application"). Petitioner seeks an Order compelling Mr. Peter Schaffer ("Mr. Schaffer" or "Respondent"), an individual who resides in this District, to provide discovery for use in a proceeding currently pending in India bearing the caption *Daniel Snyder Through His SPA Holder vs. Eleven Internet Services LLP & Ors.* (the "Indian Action"). *Id*. at 1. Pursuant to 28 U.S.C. § 636(b) and D.C.COLO.L.CivR 72.1(c), the Application [#1] has been referred to the undersigned for disposition. [#2, #4].

## I. Introduction

The Indian Action arises, according to Petitioner, from the publication of a series of false and defamatory "news" articles targeting Petitioner on the MEA WorldWide website, located at www.meaww.com ("MEAWW") . *Application* [#1] at 1. Petitioner avers that the articles contain flagrantly false statements about him, including but not limited to accusing

---

[1] "[#1]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

-1-

Petitioner of sexual misconduct, such as involvement in sex trafficking and a purported affiliation with Jeffrey Epstein. *Id.* In the Indian Action, Petitioner asserts claims for defamation per se against the authors of these articles, as well as Eleven Internet Services LLP ("Eleven") which, upon information and belief, directed the publication of the allegedly false and defamatory articles on behalf of hidden third-party clients. *Id*. at 2.

The Application [#1] asserts that Respondent has relevant information concerning the same campaign of defamation against Petitioner, including the publication of the subject Defamatory Articles. *Id*. at 2. Specifically, Petitioner asserts that Mr. Shaffer is the president and founder of a sports agency specializing in representing professional athletes, including former members of the Washington Football Team (the "Team") of which Petitioner is the majority owner. Respondent has a long history, according to Petitioner, of representing parties adverse to the Team and using his publicly touted network of media connections in order to generate "national exposure and premiere interview sound bites" on behalf of his clients. *Id*. at 2, 8; *see also Qureshi Decl.* [#1-1], Exs. C-G. Mr. Schaffer allegedly communicated with a former Team employee around the time of the Defamatory Articles about the false assertion that Petitioner had ties to Jeffrey Epstein. *Id*. Furthermore, Petitioner asserts that Mr. Schaffer's prior role as an author of NFL-related articles for the Washington Post, the news outlet that was specifically cited in the Defamatory Articles as having forthcoming negative information concerning Petitioner, reinforces Mr. Schaffer's likely insider knowledge of the corrupt misinformation campaign against Petitioner. *Id*.

Based on the foregoing, Petitioner argues that Mr. Schaffer likely possesses highly relevant documents and information relating to, inter alia, the creation of the Defamatory

Articles; the parties behind payments made in order to procure the posting of the Defamatory Articles; the sources of information upon which the Defamatory Articles were based; and third parties' efforts to discredit and damage the Petitioner and the Team. *Application* [#1] at 2.  Petitioner further argues that Respondent is in possession, custody, and/or control of substantial documentary information, including emails, text messages, electronic and physical notes, call records, and other documents, that would demonstrate his connections to MEAWW, other third parties hostile to Petitioner, including press outlets, and the coordination between each of the foregoing to disparage and defame Petitioner, all of which is currently at issue in the Indian Action.  *Id*. at 8-9.

The Subpoena Duces Tecum and Subpoena Ad Testificandum that Petitioner seeks to serve on Respondent are attached to the Declaration of Rizwan A. Qureshi, Esq. ("Qureshi Declaration") [#1-1] as Exhibits A and B respectively.  As set forth in further detail in the Subpoenas, Petitioner seeks discovery concerning (1) Respondent's communications with third parties concerning the MEAWW articles; (2) Respondent's communications with the Indian Defendants, or their representatives; (3) the identities of any other third parties involved in directing, coordinating with or supporting the negative information campaign about Petitioner; and (4) other documents and information that are relevant to the Indian Action and are available solely through Respondent.  *See  Subpoenas*, Exs. A and B to Qureshi Decl. [#1-1]; *Application* [#1] at 9.  In addition to requests for the production of documents from Respondent, Petitioner seeks to depose Respondent concerning the subject matters described above and in the respective subpoenas directed to him.  *Id*. Petitioner avers that the documents and information in Respondent's possession, custody and/or control that he seeks will aid the Indian Court in resolving Petitioner's defamation

claims.  *Id*.

## II.  Analysis

This Court has subject matter jurisdiction over this application under 28 U.S.C. §§ 1331 and 1782.  The Application avers, and the Court finds, that the Court has personal jurisdiction over Respondent because he resides in the State of Colorado and in this Judicial District.

The Application [#1] is brought pursuant to 28 U.S.C. § 1782(a).  Section 1782(a) provides, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . .  The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.
>
> A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

*Id*.  The Supreme Court stated that since 1948, "Congress [has] substantially broadened the scope of assistance federal courts could provide for foreign proceedings," as codified in § 1782. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247-48 (2004). "That legislation . . . eliminated the prior requirement that the government of a foreign country be a party or have an interest in the proceeding[,]" and allowed district courts to designate persons to preside at depositions 'to be used in any civil action pending in any court in a foreign country with which the United States is at peace.'" *Id*. at 248.  Moreover, "[a]s recast in 1974, § 1782 provide[s] for assistance in obtaining documentary and other

-4-

tangible evidence as well as testimony." *Id*.

The objective of 28 U.S.C. § 1782 is "to assist foreign tribunals in obtaining relevant information that the tribunals may find useful but, for reasons having no bearing on international comity, they cannot obtain under their own laws." *Intel Corp.*, 542 U.S. at 26. The statutory requirements of § 1782 are met when "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Republic of Ecuador v. Bjorkman*, 801 F. Supp. 2d 1121, 1126 (D. Colo. Aug. 29, 2011) (Hegarty, M.J.), *aff'd*, 2011 WL 5439461 (D. Colo. Nov. 9, 2011) (Daniel, J).

The statutory requirements are met in this case. The Application [#1] asserts that Mr. Schaffer is a resident of Denver, Colorado and therefore resides in this District. *Id*. at 10. Second, the Application [#1] seeks the production of documents from and testimony by Respondent in support of the Indian Action.[2] *Id.* The discovery that Petitioner seeks is intended to further establish the liability of the defendants in the Indian Action by elucidating their bad faith and active participation in a broader scheme to defame Petitioner, as well as identifying those individuals and entities who perpetuated the corrupt disinformation campaign. *Id*. at 10-11. Third, Petitioner, as the plaintiff in the Indian action, is an "interested person" within the meaning of 28 U.S.C. § 1782. As the Supreme Court has noted, "litigants are included among, and may be the most common example, of the

---

[2] A copy of the pleadings filed in the Indian Action is attached to the Qureshi Declaration [#1-1] as Exhibit H, and copies of the proposed subpoenas to be served on Respondent are annexed thereto as Exhibits A and B.

'interested person[s]' who may invoke § 1782." *Intel Corp.*, 542 U.S. at 256.

Even if the statutory factors are met, "permitting the requested discovery remains within the discretion of the Court." *Westjest Airlines v. Lipsman*, No. 15-mc-00174-MSK-KMT, 2015 WL 7253043, at *2 (D. Colo. Nov. 17, 2015) (citing *Intel Corp.*, 542 U.S. at 260). The Supreme Court has identified a number of factors for courts to consider: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceeding, and the receptivity of the foreign court to federal-court assistance; (3) whether the application conceals an attempt to circumvent foreign proof-gathering restrictions of a foreign country; and (4) whether the application is unduly intrusive or burdensome. *See Intel Corp.*, 542 U.S. at 264-65; *Westjest Airlines*, 2015 WL 7253043, at *2.  Further, a district court should consider a Section 1782 request in the light of the statute's aims of "'providing efficient means of assistance to participants in international litigation and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Intel Corp.*, 542 U.S. at 252 (quotation omitted).

In the case at hand, the Court finds that the discretionary factors also weigh in favor of granting the Petitioner's request for discovery.  First, where, as here, discovery is sought from a party who is not participating in the foreign proceeding, the need for court-ordered discovery is apparent.  As the Supreme Court explained: "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence.  In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782 aid*." Intel Corp.*, 542 U.S. at 264 (internal citations omitted).  Respondent is not a

party to the Indian Action and, upon information and belief, has no legal presence in India. *See Application* [#1] at 12.  Thus, it appears that the Indian Court would have no jurisdiction to acquire the documents and testimony that Petitioner seeks and which he asserts are critical to his ability to prove his claims in the Indian Action.  *Id*.

Second, as to the nature of the foreign proceeding and the receptivity of the foreign tribunal to federal court assistance, there is no evidence that the discovery sought in this application would "offend" the Indian Court.  To the contrary, the discovery sought would be relevant to, and may shed light on, the issues in the Indian Action.  Petitioner also avers that this application is not an attempt to circumvent any foreign proof-gathering restrictions and does not violate any Indian restrictions on gathering evidence.  *Application* [#1] at 12. Petitioner has a good-faith basis for believing that he will be able to use the evidence sought in the Indian Action, and he is not aware of any limitation on discovery imposed by the Indian Court such that his request would "circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States."  *Intel Corp.*, 542 U.S. 241 at 264-65.

Finally, the Court finds that the document requests in the proposed subpoenas are neither unduly burdensome nor intrusive.  It appears that Petitioner has tailored his requests in the Subpoena to Produce Documents, Information, or Objects [#1-2] to seek only those materials relevant to the Indian Action, and the documents requested lend themselves to easy identification and production.  Moreover, the topics identified in the Subpoena to Testify at a Deposition [#1-3] also appear to be relevant to the Indian Action and do not appear to be unduly burdensome.

Based on the foregoing, the Court finds that the Application [#1] should be granted.

In so finding, the Court notes that Petitioner filed the Application on an *ex parte* basis, but finds that this is permissible.  As the Second Circuit noted in affirming an *ex parte* petition under § 1782, "it is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 ex parte."  *Gushlak v. Gushlak*, 486 Fed. Appx. 215, 217 (2d Cir. 2012).  In fact, this Court routinely grants such applications.  *See, e.g., In the Matter of Kozuch v. Kozuch*, 2018 WL 4376405 (D. Colo. June 7, 2018); *Westjest Airlines*, 2015 WL 7253043, at *3; *In re Perez Pallares*, No. 10-cv-02528-PAB, 2010 WL 4193072 (D. Colo. Oct. 20, 2010).  "The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)" or by filing a request for a protective order.  *Gushlak*, 486 Fed. Appx. at 217; *Westjest Airlines*, 2015 WL 7253043, at *2.

### III.  Conclusion

For the reasons stated above,

IT IS HEREBY **ORDERED** that the Application [#1] is **GRANTED**.  Petitioner is granted leave to serve on Respondent the Subpoena Duces Tecum and Subpoena Ad Testificandum that are attached to the Qureshi Declaration [#1-1] as Exhibits A and B.

IT IS FURTHER **ORDERED** that Petitioner shall also serve Respondent with a copy of this Order and the Application [#1].

Dated: December 15, 2021

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge